# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | |
|---|---|
| JAVIER GONZALEZ § | |
| § | |
| VS § | CIVIL NO. 4:24-cv-00010 |
| § | |
| SERGIO PORTO SIRGO, INDIRA DE LA § | |
| CARIDAD NUNEZ GONZALEZ AND § | |
| ADYRAM LOGISTICS CORPORATION § | |

## DEFENDANT, ADYRAM LOGISTICS CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

NOW COMES, Defendant, **ADYRAM LOGISTICS CORPORATION,** and files its Original Answer to Plaintiff's Original Petition and would show the Court the following:

I.

Defendant admits that Plaintiff affirmatively pleads that he seeks monetary relief of over $250,000.00, however, Defendant denies that Plaintiff is entitled to that amount.

1. Rule 190.3 of the Texas Rules of Civil Procedure is a State procedure and does not apply in Federal Court.

2. Defendant admits the allegations set forth in Paragraph II of Plaintiff's Original Petition.

3. Defendant admits that venue for this cause is proper in Pecos County, Texas, however, Defendant contends that proper Jurisdiction is in the Federal Court of the Western District of Texas, Pecos Division.

4. Defendant admits that the accident happened on or about March 22, 2022, and that Mr. Javier Gonzalez was operating a Ford F250 in Pecos County, Texas. Defendant denies the rest of the allegations contained in Paragraph IV of Plaintiff's Original Petition.

5. Defendant denies the allegations contained in Paragraph V of Plaintiff's Original Petition.

6. Defendant denies the allegations contained in Paragraph VI of Plaintiff's Original Petition and its subparts 1-12. Defendant admits that Sergio Porto Sirgo and Indira De La Caridad Nunez Gonzalez were employees of Defendant Adyram Logistics Corporation. Defendant further denies the allegations in Paragraph VI and its subparts 1-4. Defendant denies the rest of the allegations in Paragraph VI pertaining to negligence, negligence per se, and proximate cause.

7. Defendant denies the allegations contained in Paragraph VII of Plaintiff's Original Petition and its subparts 1-5.

## AFFIRMATIVE DEFENSES

Defendant would respectfully show that Plaintiff's alleged injuries and damages were caused or contributed to by the acts and/or omissions of Plaintiff, Javier Gonzalez which were negligent and were the sole proximate cause, producing cause, a proximate cause and/or a new and independent intervening cause of the incident and the alleged damages to Plaintiff.

Defendant additionally alleges that Plaintiff's claims are barred, in whole or in part, due to intervening and superseding causes over which the Defendant had no control.

PLEADING FURTHER, DEFENDANT SAYS THAT ANY CLAIM FOR MEDICAL OR HEALTHCARE expenses brought by the Plaintiff herein are limited to the amount actually paid or incurred pursuant to the Texas Civil Practice & Remedies Code §41.0105.

Pleading further, Defendant says that any claim for economic damages (including loss of earnings, earning capacity or other pecuniary losses) are governed by the limitations and provisions set forth in the Texas Civil Practice & Remedies Code §18.091.

Pleading further, Defendant says that the discovery in this case may show that injuries, conditions and/or damages allegedly sustained by the Plaintiff were caused in whole or in part, by prior or subsequent medical problems, injuries, conditions, other events involving or pertaining to the Plaintiff for which Defendant is not legally responsible.

Pleading further, and in the alternative, Defendant says that it is entitled to a credit or offset for all monies or consideration paid to the Plaintiff by virtue of any type or form of settlement agreement entered into by and between the Plaintiff and any Defendant herein, settling person, responsible third-party or any other person or entity not a party to this lawsuit. Accordingly, Defendant would assert the affirmative defenses of offset, credit, payment, release and accord and satisfaction to the extent applicable as provided under Rule 94 of the Texas Rules of Civil Procedure.

Pleading further, and in the alternative, Defendant would show that the discovery in this case may show that Plaintiff failed to mitigate its damages herein as required under applicable law and, therefore, any such claims or causes of action are barred to that extent.

**WHEREFORE PREMISES CONSIDERED, Defendant, ADYRAM LOGISTICS CORPORATION,** respectfully prays that upon final trial Plaintiff takes nothing, and for such other and further relief, to which it may show itself entitled.

Respectfully submitted,

/S/ *Krizia A. Landivar*

KRIZIA A. LANDIVAR
State Bar No. 24086064
FBN: 3299598
RANDEE WILLIAMS KOELLER
State Bar No. 24131772
**ATTORNEYS FOR DEFENDANT**
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6484
Facsimile: (210) 319-5412
klandivar@namanhowell.com
rwkoeller@namanhowell.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of March 2024, the foregoing document, was filed with the Clerk of Court using the CM/ECF system, and was served on all counsel of record via E-mail:

E. Ryne Hutcheson
SBN: 24076096
Michael J. Gomez
SBN: 24112335
Davis W. Smith
SBN: 00791681
**DAVIS W. SMITH, PC**
1220 Avenue K.
Lubbock, Texas 79401
Telephone: (806) 744-4477
Facsimile: (806) 744-2671
Email: efile@gorillalawfirm.com
**ATTORNEYS FOR PLAINTIFF**

/s/ *Krizia A. Landivar*
KRIZIA A. LANDIVAR